# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Mimi Joe Marshall, | Civil Action No. 1:19-cv-2088-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Ms. Fox, Mental Health | |
| Defendant. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 31) recommending that the Court grant Defendants' Motion for Summary Judgment. (Dkt. No. 26.) For the reasons set forth below, the Court adopts the R & R as the Order of the Court and grants Defendants' Motion for Summary Judgment.

## I.     Background

Mimi Joe Marshall ("Plaintiff") is proceeding *pro se* and *in forma pauperis*. He brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by Michelle Fox ("Defendant"). (Dkt. No. 7.) Plaintiff is an inmate housed at Lee Correctional Institution ("LCI"). *Id.* Defendant is employed by the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 26-1 at ¶ 1.) Defendant works at LCI in the Behavior Health Department. *Id.*

In the Complaint, Plaintiff alleges that on April 15, 2018, he suffered a mental health crisis in his dorm at LCI. (Dkt. No. 7 at 5–6; Dkt. No. 7-1 at 1–2.) Plaintiff claims that he was refused mental health services and his requests for help were not returned. *Id.* However, Plaintiff acknowledges Defendant responded to some of his requests and is still waiting for responses on other requests. (Dkt. No. 1 at 9; Dkt. No. 7-1 at 2.) While at LCI, Plaintiff submitted multiple

requests to staff member ("RTSM") forms. (Dkt. No. 24 at 1–4, 6–11.) The responses tell Plaintiff that mental health concerns should be directly addressed to "medical" and that Plaintiff's forms would be forwarded to mental health. *Id.* Defendant submits an affidavit that itemizes her sessions with Plaintiff to address his mental health in 2018 and 2019. (Dkt. No. 26-1.)

On December 23, 2019, Defendant filed a motion for summary judgment. (Dkt. No. 26.) Plaintiff filed a response in opposition to which Defendant replied. (Dkt. Nos. 29, 30.) On March 12, 2020, the Magistrate issued an R & R recommending the Court grant Defendant's motion for summary judgment. (Dkt. No. 31.) Plaintiff did not file objections to the R & R.

## II.     Legal Standard

### A.     Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff has not filed objections and therefore the R & R is reviewed for clear error.

**III.     Discussion**

Upon a careful review of the record on summary judgment, the Court finds the Magistrate Judge comprehensively addressed Plaintiff's claim. First, summary judgment is appropriate because there is no evidence in the record to show Plaintiff exhausted his administrative remedies. Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." *See* 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original).

The record on summary judgment reflects that Plaintiff submitted multiple RTSM forms, which is the first step of the grievance process. (Dkt. No. 24.) Yet, there is no evidence in the record to show that Plaintiff completed the other steps in the process. (Dkt. No. 24 at 1–4; 6–11.) Plaintiff also acknowledged in the Complaint that he failed to exhaust his administrative remedies. (Dkt. No. 7 at 7–8.) As such, the Court agrees with the ruling of the Magistrate Judge that summary judgment is appropriate because Plaintiff failed to exhaust his administrative remedies.

Second, as to Plaintiff's constitutional claim, the Court reviewed the record and finds the Magistrate Judge ably found that Plaintiff's § 1983 claim fails because Plaintiff does not present evidence to support the claim. Plaintiff alleges he did not receive adequate mental health care, which the Magistrate Judge construed as an alleged violation of Plaintiff's Eighth Amendment Rights. (Dkt. No. 7 at 5–6; Dkt. No. 31 at 5.)

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). The burden is on the petitioner to demonstrate that prison officials violated the Eighth Amendment and the burden is heavy. *Pyles v. Fahim*, 771 F.3d 403, 408–9 (7th Cir. 2014). "Deliberate" or "callous indifference" on the part of a prison official to a "specific known risk of harm" states an Eighth Amendment claim. *Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). Not every "injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment for an act or omission that results in the denial of "minimal civilized

measure of life's necessities." *Id.* The prison official must have a "sufficiently culpable state of mind." *Id.* This means the prison official must have acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 302–3 (1991). A prison official acts with deliberate indifference if he has "actual knowledge that an inmate faces substantial risk of serious harm and disregards the risk by failing to take reasonable measures to abate it." *Farmer,* 511 U.S. at 835. The test is not "whether an official knew or should have known of the possibility of harm, but whether he did, in fact, know of it and consciously disregard[ed] that risk." *Id.* The official must be aware of facts which "the inference could be drawn that a substantial risk of serious harm exists" and he must also "draw the inference." *Id.* at 837.

The record on summary judgment reflects that Defendant met with Plaintiff regarding his mental health multiple times. In her affidavit, she avers she received a RTSM from Plaintiff on December 14, 2018. (Dkt. No. 26-1 at ¶ 3.) This is when Defendant became of aware of Plaintiff's requests for her services. *Id.* On December 17, 2018, Defendant met with Plaintiff to address his sleeplessness, stress, and anxiety. *Id.* at ¶ 3. Further, on April 25, 2019, Defendant determined Plaintiff was not faring well on his medication, so Defendant updated his medications and Plaintiff began seeing a psychiatrist every three months. *Id.* at ¶ 4. On June 7, 2019, Defendant met with Plaintiff and created a treatment plan so that Plaintiff would feel stable through medication management and coping skills. *Id.* at ¶ 5. Defendant's last interaction with Plaintiff was in September 2019. *Id.* at ¶ 6. Defendant indicates another inmate passed Defendant a vulgar note on behalf of Plaintiff, which Defendant would not accept. *Id.*

Plaintiff has not presented an argument in response to Defendant's evidence, nor has Plaintiff produced evidence to rebut Defendant's evidence. As such, the Court agrees with the

Magistrate Judge that there is no issue of material fact with regard to Plaintiffs' Eighth Amendment claim.

Third, the Magistrate Judge correctly determined that Defendant is entitled to qualified immunity. Under a qualified immunity defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To resolve a qualified immunity defense, the Court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show the defendant's conduct violated a constitutional right; and (2) determine whether the right was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Id.* As previously discussed, there is no issue of material fact that Defendant violated Plaintiff's constitutional right. As such, Defendant is entitled to qualified immunity.

### IV.    Conclusion

For the reasons set forth above, the Court **ADOPTS** the R & R. (Dkt. No. 31.) Defendant's motion for summary judgment (Dkt. No. 26) is **GRANTED**.

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

April 22, 2020
Charleston, South Carolina